S90A0814. COOK et al. v. COBB COUNTY.
(397 SE2d 921)

SMITH, Presiding Justice.

The appellee, Cobb County, enacted a sign ordinance and zoning ordinance governing the erection and maintenance of outdoor adver-

tising signs in the unincorporated areas of the county. Among other things, the ordinance mandates that all signs erected must secure a permit; any sign with a copy area exceeding one-hundred-twenty (120) square feet must be located within the buildable area of its lot; no off-premises sign may be erected closer than one-hundred (100) feet from the property line of a private residence, and it prohibits the location of an off-premises sign within five-hundred (500) feet of any other sign (except a real estate sign).[1] Appellants, Ms. Jo Cook and Nowlin Outdoor Advertising, Inc. (Nowlin), operate a business which leases sign space. The appellants contend that the revocation of their sign permit was invalid. We agree.

Ms. Cook, owner and president of Nowlin, purchased property in Cobb County, seeking to erect a sign. The county issued Ms. Cook a sign permit. Subsequently, she leased the right to maintain the sign to Adams Outdoor Advertising of Atlanta, Inc. (Adams).

The appellants and Adams abandoned the original site for another location on Ms. Cook's property. The new location violated the ordinance. A county deputy of code enforcement, O. C. Dees, notified the appellants of the violation and informed them that they had seven days to either relocate the sign or apply for a variance. The appellants sought a variance but their application was denied, and Mr. Dees subsequently revoked the original permit. The county refused to issue a new permit because Barnett Bank, in the interim, had erected an on-premises business sign 417 feet from appellants' site.

After the appellants and Adams failed to remove the sign, the county initiated this suit. In a bench trial, judgment was entered in favor of the county, requiring the appellants and Adams to remove the sign and pay a $250 per week fine for each week that the sign remained. After the appellants filed their appeal, the county and Adams settled, agreeing for Adams to remove the sign and withdraw from the appeal. Ms. Cook and Nowlin remain as parties and seek our review.

Mr. Dees, the deputy of code enforcement, lacked the requisite authority under the ordinance to revoke the appellants' sign permit. Section 14 (B) (1) (a) of the ordinance provides:

> The county, through the zoning administrator or the *county's designee*, is hereby authorized and empowered to revoke any permit issued upon failure of the holder thereof to comply, after seven (7) days' written notice, with any pro-

---

[1] Section 5 (P) of the ordinance defines an off-premises sign as, "[a] sign, other than a special sign or a temporary sign which identifies, advertises, or promotes a product, service, person, place, activity, event, idea or any other thing located or obtainable elsewhere other than the lot where this sign is located."

vision of this notice. (Emphasis supplied.)

The record fails to show that either the county's zoning administrator or a county designee, as contemplated by the ordinance, authorized the permit revocation. While Mr. Dees testified that he had been verbally delegated the power to inspect signs and issue citations, there was no substantive proof of a delegation of the power to revoke sign permits. Indeed, Mr. Dees testified that he had no written authorization from the county to do so.

Because the revocation of the sign permit was improper, the trial court's permanent injunction against the appellants is hereby dismissed. The appellants may proceed with the construction of the sign contemplated in the sign permit at the location specified, notwithstanding the existence of the Barnett Bank sign. Additionally, since the sign permit was proper, the appellants had the right to move their sign to the original site, after their application for variance was denied, and comply with the ordinance. Therefore, the award of fines against the appellants was not justified and it is hereby reversed.

*Judgment reversed. All the Justices concur, except Benham, J., who dissents.*

DECIDED NOVEMBER 21, 1990 —
RECONSIDERATIONS DENIED DECEMBER 19, 1990.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling,* for appellants.
*Webb & Kicklighter, Robert F. Webb, Kris K. Skaar,* for appellee.